IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANUEL LUPE RIOS, JR. | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-10-CV-1042-N |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Manuel Lupe Rios, Jr., a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

In 1996, petitioner was convicted on two counts of intoxication manslaughter and sentenced to consecutive terms of 20 years confinement. His convictions and sentences were affirmed on direct appeal. *Rios v. State*, Nos. 05-96-00914-CR & 05-96-00915-CR, 1998 WL 245880 (Tex. App.--Dallas, May 18, 1998, pet. ref'd). Petitioner also challenged his convictions in eight state writs and two federal writs. One state writ was denied without written order on the findings of the trial court. *Ex parte Rios*, WR-39,597-02 (Tex. Crim. App. Dec. 9, 1998). Seven other writs were dismissed for abuse of the writ. *Ex parte Rios*, WR-39,597-03 (Tex. Crim. App. Mar. 31, 1999); *Ex parte Rios*, WR-39,597-04 (Tex. Crim. App. Feb. 20, 2002); *Ex parte Rios*, WR-39,597-05 (Tex. Crim. App. Feb. 20, 2002); *Ex parte Rios*, WR-39,597-06 (Tex. Crim. App. Mar. 2, 2005); *Ex parte Rios*, WR-

39,597-07 (Tex. Crim. App. Mar. 2, 2005); *Ex parte Rios*, WR-39,597-10 (Tex. Crim. App. Jan. 13, 2010); *Ex parte Rios*, WR-39,597-11 (Tex. Crim. App. Jan. 13, 2010). With respect to his federal writs, one was denied on the merits. *Rios v. Johnson*, No. 3-99-CV-0036-D (N.D. Tex. Feb. 9, 2000), *COA denied*, No. 00-10323 (5th Cir. Nov. 6, 2000). The other writ was dismissed as successive. *Rios v. Cockrell*, No. 3-02-CV-1284-L, 2003 WL 23473043 (N.D. Tex. Feb. 6, 2003), *rec. adopted*, 2003 WL 23473069 (N.D. Tex. Feb. 28, 2003). The Fifth Circuit previously denied leave to file a successive federal writ of habeas corpus. *In re Rios*, No. 03-10232 (5th Cir. May 6, 2003).

Undeterred, petitioner now seeks federal habeas relief for a third time. In multiple grounds, petitioner contends that: (1) the trial court improperly admitted certain evidence; (2) the state violated his rights under the federal and Texas constitutions by taking more than one blood sample; (3) he received ineffective assistance of counsel; (4) the evidence was unreliable and insufficient to support his convictions; (5) the jury charge was improper and not transcribed by the court reporter; and (6) the prosecutor engaged in various acts of misconduct. Before addressing these claims, the court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty

of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

### RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  May 27, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE